## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GABE McINTYRE,**

     **Plaintiff,**

**v.**                                          **Case No.: 8:07-cv-2370-JSM-MSS**

**DELHAIZE AMERICA, INC.,**
**d/b/a SWEETBAY SUPERMARKET,**

     **Defendant.**

_____/

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
### DEMAND FOR EMOTIONAL DISTRESS DAMAGES

Defendant Delhaize America, Inc., d/b/a Sweetbay Supermarket, moves pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike Plaintiff's claim for damages for emotional distress under the Florida Private Whistleblower's Act ("FPWA"), Fla. Stat. § 448.101, *et seq.*  The grounds upon which this Motion is based are set forth in the following memorandum of law.

### MEMORANDUM OF LAW

### I.

### PRELIMINARY STATEMENT

Plaintiff was employed by Defendant as an assistant pharmacy manager. After numerous customer complaints, Plaintiff's employment was terminated in August of 2006.  On November 27, 2007, Plaintiff filed his Complaint, in which he alleges his employment was terminated in violation of the FPWA. (Compl. ¶¶ 21-25).

On April 9, 2008, Plaintiff served his responses to Sweetbay's First Set of

Interrogatories.  In response to Interrogatory No. 7, Plaintiff stated he is seeking damages for "back pay," "front pay," and "emotional pain and suffering."  Plaintiff also stated he is seeking punitive damages, however his counsel subsequently agreed to withdraw Plaintiff's punitive damages demand.

## II.

## ARGUMENT

The FPWA does not expressly provide for emotional distress damages, nor can such damages legitimately be read into the statute under traditional canons of statutory construction.

**A.** **The Relief Available Under The FPWA Is Confined To The Remedies Specifically Enumerated In Florida Statute § 448.103(2)**

Section 448.103(2), Fla. Stat., sets forth the relief available under the FPWA:

**§ 448.103 Employee's remedy; relief**

**. . . .**

(2)  In any action brought pursuant to subsection (1), the court may order relief as follows:

(a) An injunction restraining continued violation of this act.

(b) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.

(c) Reinstatement of full fringe benefits and seniority rights.

(d) Compensation for lost wages, benefits, and other remuneration.

(e) Any other compensatory damages allowable at law.

The common denominator of the relief listed in subsections (a) through (d) is that they are all equitable remedies intended to merely restore, or "compensate,"

employees with a "make whole" remedy.  The primary enumerated relief - injunctive relief - is plainly equitable and restorative.  *See* J. N. POMEROY, EQUITY JURISPRUDENCE, § 112 (5th ed. 1941); 29 FLA. JUR. 2D, *Injunctions* § 1 (1981). Likewise, reinstatement of employment, benefits and seniority rights are all equitable and restorative in nature.  *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1345 (M.D. Fla. 1999) (reinstatement is an equitable remedy); *Lynch v. Pan American World Airways, Inc.*, 475 F.2d 764, 765 (5th Cir. 1973)[1] ("A claim for reinstatement is equitable in nature. The imposition of monetary damages to make the employee whole for lost backpay does not change the character of the proceeding. . .").

Finally, discretionary awards of back pay and retroactive fringe benefits are equitable, restorative remedies.  *See, e.g., West v. Gibson*, 527 U.S. 212, 217 (1999) (referring to "reinstatement, hiring, and back pay" as equitable remedies); *Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518, 1525 (11th Cir. 1991) (discretionary award for back wages is an equitable remedy);  *Walton v. Nova Info. Sys.*, 514 F. Supp. 2d 1031, 1034 (E.D. Tenn. 2007) ("back pay damages [and reinstatement] under the remedies provision of the Sarbanes-Oxley Act are restitutionary damages intended to 'make the employee whole,' [therefore] such damages are equitable in nature, not legal. . . ."); *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 147 (2d Cir. 1999) ("back pay remedy is equitable in nature"); *Russell v. Northrop Grumman*

---

[1] Decisions of the Fifth Circuit decided prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*Corp.*, 921 F. Supp. 143, 152 (E.D.N.Y. 1996) (concluding that back pay is an equitable remedy); *Hodges v. Virgin Atl. Airways, Ltd.*, 714 F. Supp. 75, 77 (S.D.N.Y. 1988) ("reinstatement and back pay are equitable remedies"); *Andujar v. National Prop. & Cas. Underwriters*, 659 So. 2d 1214, 1217 (Fla. 4th DCA 1995) (reinstatement and back pay are equitable remedies).  Here, the available back pay remedies are discretionary ("the court <u>may</u> order . . .") and, hence, equitable in nature.[2]

**B.    Well-Settled Principles Of Statutory Construction Require The Term "Other Compensatory Damages" To Apply Only To Equitable Remedies**

     **1.    Under the *ejusdem generis* doctrine, the phrase "other compensatory damages" must embrace solely equitable "make whole" relief similar to the remedies specifically enumerated in subsections (a) through (d).**

Under the doctrine of *ejusdem generis*, "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words."  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114-15 (2001).  Pursuant to *ejusdem generis*, the phrase "other compensatory damages" in subsection (e)

_____

[2] That the remedies enumerated in subsections (a) through (d) are equitable and restorative in nature is substantiated by the case law interpreting the Florida Public Whistleblower Act, which holds that "reinstatement" of employment, fringe benefits and seniority rights, "compensation" for lost wages and benefits, and injunctive relief are all equitable in nature and do not include emotional distress damages.  *See Hart v. Board of Trustees*, No. 06-2907-CA (Fla. 2d Cir. Ct. Jan. 26, 2007); *Moynihan v. Leon County*, No. 05-CA-1914 (Fla. 2d Cir. Ct. Feb. 6, 2006) (enumerated relief is "equitable"); *Polstein v. Department of Highway Safety & Motor Vehicles*, No. 03-CA-2159 (Fla. 2d Cir. Ct. May 7, 2004) (enumerated relief is "equitable"); *Connolly v. City of Tallahassee*, No. 02-CA-2919, at 3-4 (Fla. 2d Cir. Ct. July 7, 2003) ("This relief is primarily equitable because it is designed to restore the employee to the same position he or she would have occupied had the retaliatory action not occurred").  [*See* Composite Exhibit "A"].

must embrace solely equitable "make whole" relief similar to the specifically enumerated remedies in subsections (a) through (d), which are intended to merely restore, or "compensate," the parties to the *status quo ante*. *See, e.g., Washington State Dep't of Social & Health Serv. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 383-84 (2003) (*ejusdem generis* doctrine is applied where a general term can have an unintended meaning); *Beecham v. United States*, 511 U.S. 368,  371, (1994) ("That several items in a list share an attribute counsels in favor of interpreting the other items as possessing that attribute as well"); *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000) (general statutory term should be analyzed contextually according to the specific terms that surround it); *Florida Police Benevolent Ass'n v. Dep't of Agric. and Consumer Serv.*, 574 So. 2d 120, 121-22 (Fla. 1991) (a general term following a list of specific terms should be limited to the same class); *Florida Dept of Revenue v. James B. Pirtle Constr. Co.*, 690 So. 2d 709, 711 (Fla. 4th DCA 1997) (where the general phrase "and other obligations issued" followed a list specifically enumerating "notes" and "bonds," the phrase "other obligations issued" does not include accounts receivable because accounts receivable are not of the same nature as notes and bonds).

Indeed, courts have held that FPWA's general term "other compensatory damages" in subsection (e) must be read to embrace only items similar in nature to the specific equitable remedies enumerated in subsections (a) through (d) and, therefore, do not encompass legal damages for non-pecuniary injuries, such as

damages for emotional distress.  For example, in *Perrey v. Florida Ass'n of Court Clerks, Inc.*, No. 97-354, at 3-4  (Fla. 2d Cir. Ct. July 9, 1998), the court held:

> It is clear that the thrust of the remedies set forth by the Legislature [in § 448.103] is equitable in nature. . . .  While . . . 'compensatory damages allowable at law' might be construed to include monetary damages for pain and suffering, mental distress, and the like, it is equally appealing that this phrase, when read *in para materia* with the other remedies, may be construed as allowing a judicial award of court costs or other consequent damages flowing from the discriminatory job action of an employer."  [*See* Exhibit "B"].

*See also Longo v. GTE Fed. Credit Union*, No. 05-CA-1190-16-K (Fla. 18th Cir. Ct. Dec. 15, 2005) (striking demand for mental distress damages in a Florida Private Whistleblower claim).  [*See* Exhibit "C"].

      **2.**    **The term "other compensatory damages," construed in context, relates to equitable "make whole" relief intended to restore, or "compensate," a plaintiff to the *status quo ante*.**

Further evidence that the Legislature intended the term "other compensatory damages" to be limited to remedies only of a similar nature to those specific equitable remedies enumerated in subsections (a) through (d) is the fact that the term "other compensatory damages" immediately follows the term "compensation" in subsection (d).  *See* § 448.103(2), Fla. Stat. ("(d) *Compensation* for lost wages, benefits, and other remuneration. (e) Any other *compensatory* damages. . .").  Given the close proximity of the two terms, the most logical interpretation is that "other compensatory damages" relates to and modifies the immediately preceding term "compensation," and was not intended to be construed more expansively to embrace dissimilar emotional distress damages, a form of non-pecuniary legal relief completely different from any of the other remedies expressly enumerated in §

448.103(2).  *See, e.g., McCavitt v. Swiss Reinsurance Am. Corp.*, 237 F.3d 166, 168 n.2 (2d Cir. 2001) ("the meaning of an unclear word or phrase should be determined by the words immediately surrounding it").

Courts and lawmakers have used the term "compensatory damages" to refer to non-pecuniary legal relief such as pain and suffering, particularly in personal injury tort claims or statutory causes of action where such relief is expressly provided. *See, e.g.,* 42 U.S.C. § 1981a(b)(3) ("compensatory damages . . . for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. . . ."). On the other hand, the term "compensatory damages" is frequently used to refer to equitable relief. Courts in equity have always had authority to award remedies of pecuniary compensation (e.g., "compensatory" relief) in connection with other equitable relief. J. N. POMEROY, EQUITY JURISPRUDENCE, § 112 (5th ed. 1941). Such remedies have often been referred to as "compensatory damages," in the sense they are awarded as "compensation" or restitution ancillary to the main relief awarded. *Id.*; 2 J. STORY, COMMENTARIES ON EQUITY JURISPRUDENCE, § 799 (1886) (jurisdiction for "*compensation* or damages" attaches in equity where such relief is "ancillary to a specific performance or to some other relief"); *Karns v. Allen*, 115 N.W. 357, 361 (Wis. 1908) ("where, in equitable actions, it becomes necessary to award damages, only compensatory damages should be allowed. . . .  The damages awarded by courts of equity when they assess damages are only such as are ancillary to the main relief, and which become necessary to award in order to compensate the party

7

entitled to damages").   In this context, "compensatory damages" do not include damages for emotional distress or pain and suffering.  *See Lloyd v. Wyoming Valley Health Care Sys., Inc.*, 994 F. Supp. 288, 291 (M.D. Pa. 1998) (explaining that "other compensation" should be interpreted as a *quid pro quo* rather than as general damages for emotional distress); *Rosen v. Public Serv. Elec. & Gas Co.*, 477 F.2d 90, 96 (3d Cir. 1973) (using the term "compensatory damages" to refer to retirement benefits, a form of equitable back pay).

Here, the structure and terms of § 448.103(2) reflect that the primary remedies available to a prevailing plaintiff are the specifically enumerated equitable remedies in subsections (a) through (d), and that the catch-all provision "other compensatory damages" in subsection (e) is intended as an ancillary remedy awarded as additional compensation to a plaintiff to restore the parties to the *status quo ante*.  As such, such relief does not encompass emotional distress damages.

**C.   The Legislative Intent Behind The Enactment Of § 448.103(2) Was To Provide Exclusively For Equitable Relief**

**1.   The fact that the Legislature authorized only "the court" to award the enumerated relief is further evidence of legislative intent that only equitable remedies are available.**

Section 448.103 provides that "the court may order relief" as enumerated in subsections (a) through (e).   Generally, a court has the sole authority to award equitable relief, but cannot award legal relief.  *See Hutchens v. Maxicenters, U.S.A.*, 541 So. 2d 618, 620 (Fla. 5th DCA 1988).  By expressly empowering the court with the discretion to award the enumerated relief, the Legislature intended the remedies in Section 448.103(2) to be equitable in nature.  *See Perrey*, No. 97-354, at 3-4.

*See also Textron Lycoming Reciprocating Engine Div. v. United Automobile, Aerospace & Agric. Implement Workers of America*, 523 U.S. 653, 657 (1998) ("it is a 'fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.'") (quoting *Deal v. United States*, 508 U.S. 129, 132 (1993)).

Moreover, it would not be logical for the Legislature to place "the court" before the first four clearly equitable and restorative categories of remedies, and then insert a catch-all provision that encompasses non-pecuniary legal relief that a court is unable to award.  *See Fabre v. Marin*, 597 So. 2d 883, 886 (Fla. 3d DCA 1992) ("when the meaning of a statute is in doubt, a rational, sensible construction, avoiding unreasonable consequences, is favored"); *Bevitori v. Kash n' Karry Food Stores, Inc.*, No. 20007282-CA (Fla. 12th Cir. Ct. Sept. 7, 2000) ("it must be presumed that there is significance to the Legislature's use of the word 'court' in the Florida Whistleblower Act").  [*See* Exhibit "D"].  Where the Legislature intends to provide legal relief for non-pecuniary damages, it does so clearly and unequivocally, not ambiguously or by implication.  *See infra*, Section D.  Thus, § 448.103(2), construed in the most rational and literal manner in light of the statutory text, context, rules of statutory construction and the court's role to issue equitable, not legal, remedies, cannot be read to provide for legal emotional distress damages.  *See Longo*, No. 05-CA-1190-16-K, at 1; *Perrey*, No. 97-354, at 3-4.

9

**2.    The Legislature chose not to provide for emotional distress damages in § 448.103(2).**

"[W]here Congress [or the Legislature] knows how to say something but chooses not to, its silence is controlling."  *CBS v. Primetime 24 J.V.*, 245 F.3d 1217, 1226 (11th Cir. 2001).  The Legislature knows how to create remedies for employees' non-pecuniary losses for emotional distress when it so desires, and will explicitly list emotional distress damages within the statute to clearly signify the availability of such non-pecuniary damages.  For example, in the Florida Civil Rights Act, the Legislature expressly provided in the 1992 amendments for the availability of emotional distress damages by providing for "compensatory damages, *including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries.*"  § 760.11(5), Fla. Stat. (emphasis supplied).

In contrast, when drafting the FPWA, the Legislature chose not to include similar language to expressly provide for emotional distress damages.[3]  Rather, the Legislature drafted § 448.103(2) using language similar to other employment statutes which have been held <u>not</u> to provide relief for emotional distress damages. Most notably, Title VII, 42 U.S.C. § 2000e *et seq.*, prior to its 1991 amendments, provided only for remedies such as injunctive relief, reinstatement and back pay, e.g. relief similar to that available under the FPWA.  Courts had held that this relief was equitable in nature and that "nothing in this [pre-1991 Title VII] remedial scheme purports to recompense a Title VII plaintiff for any of the other traditional harms associated with personal injury, such as pain and suffering, emotional distress, harm

_____

[3] The FPWA was enacted into law on June 7, 1991.

to reputation, or other consequential damages . . ." *United States v. Burke*, 504 U.S.
229, 239 (1992).  In 1991, Congress (in response to these decisions) amended Title
VII to expressly provide for "compensatory damages . . . for future pecuniary losses,
*emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life,*
*and other nonpecuniary losses. . . .*"  42 U.S.C. § 1981a(b)(3) (emphasis supplied).

The Florida Legislature, if it had intended to provide a remedy for emotional
distress, easily could have adopted the identical language used in either Title VII or
the Florida Civil Rights Act, but it did not.[4]  Where the Legislature includes particular
language in one statute but omits it in another related statute, it is generally
presumed that the Legislature acts intentionally and purposefully in the disparate
inclusion or exclusion.  *See Board of Trustees of the University of Alabama v.*
*Garrett*, 531 U.S. 356, 356 n.1 (2001).

The language of § 448.103(2) is similar to other employment-related statutes
which have been interpreted not to provide for emotional distress damages.  For
example, the federal Whistleblower Protection Act provides a list of three specific
authorized forms of relief: (1) back pay and related benefits; (2) medical costs

---

[4] The 1991 bill amending Title VII to include emotional distress damages was introduced in the U.S.
House of Representatives on January 3, 1991 and enacted into law on November 21, 1991.  Pub. L.
102-166.  The FCRA was a reaction to, and patterned upon, these 1991 amendments, and intended
to align FCRA's remedies to those available under Title VII.  *See* House of Representatives
Committee on Judiciary Final Bill Analysis & Economic Impact Statement (April 13, 1992) ("The
adoption of CS/SB 1368 and 72 will act to create some parity between the Federal and state
remedies"); *Florida State Univ. v. Sondel*, 685 So. 2d 923, 925 n.1 (Fla. 1st DCA 1996) ("The Florida
Civil Rights Act of 1992 . . . was patterned after Title VII of the Civil Rights Act of 1964 . . . ); Fla. Stat.
§ 760.11(5) ("It is the intent of the Legislature that this provision . . . be interpreted in a manner
consistent with federal case law involving a Title VII action").  As the legislative history reflects, the
1991-1992 Legislature was keenly aware of the developments in federal law relating to the
unavailability of remedies for emotional distress and intentionally drafted FCRA language similar to
Title VII's 1991 amendments in order to ensure the availability of such relief.  Yet, despite this
awareness, this same Legislature chose to not include similar language in the FPWA.

incurred; and (3) travel expenses, followed by a concluding phrase: "and *any other reasonable and foreseeable consequential [damages]*."  In *Bohac v. Department of Agric.*, 239 F.3d 1334 (Fed. Cir. 2001), the court rejected plaintiff's contention that the phrase "other reasonable and foreseeable consequential [damages]" included non-pecuniary damages for physical and emotional suffering.  The court reasoned:

> [u]nder *ejusdem generis*, the general phrase 'any other reasonable and foreseeable consequential [damages]' should be read to cover only items similar in nature to the specific items.  In this case, the three specifically listed items are all actual monetary losses or out-of-pocket expenses.  None of these items includes non-pecuniary damages such as those sought by petitioner.

*Id.* at 1342.

Similarly, the Sarbanes-Oxley civil whistleblower provision provides that a prevailing plaintiff:

> shall be entitled to all relief necessary to make the employee whole . . . [and] *Compensatory damages* . . . shall include -- (A) reinstatement with the same seniority status that the employee would have had, but for the discrimination; (B) the amount of back pay, with interest; and (C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees.

18 U.S.C. § 1514A(c).  In *Murray v. TXU Corp.*, 2005 U.S. Dist. LEXIS 10945, at *10 (N.D. Tex. June 7, 2005), the court held that the term "compensatory damages" did not include non-pecuniary damages such as pain and suffering, emotional distress or harm to reputation, but rather was limited to relief similar in nature to those specifically enumerated in the statute.

The FPWA remedial provision also is closely analogous to the remedial provision in the Family Medical Leave Act ("FMLA"), which provides for "damages" in

the form of "wages," "salary" and "employment benefits," followed by a concluding phrase "other compensation denied or lost. . . ."  *See* 29 U.S.C. § 2617(a)(1)(A)(i)-(ii).  This relief is often referred to as "compensatory damages," in the sense it is awarded as compensation to the employee.  However, courts applying the *ejusdem generis* doctrine have held that the term "other compensation" does not include damages for emotional distress.  *See Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1007 (6th Cir. 2005) ("Because the FMLA specifically lists the types of damages that an employer may be liable for, and it includes damages only insofar as they are the actual monetary losses of the employee such as salary and benefits and certain liquidated damages, the FMLA does not permit recovery for emotional distress"); *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006) (emotional distress damages not available under FMLA because statutory text does not expressly provide for emotional distress damages, specifically lists types of damages for which employer may be liable, and list includes only actual monetary losses of employee).

Indeed, the Eleventh Circuit, in *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999), interpreted the language in 29 U.S.C. § 2617(a)(1)(A)(i)-(ii) and concluded that "the FMLA does not allow recovery for mental distress."  The court relied on the reasoning in *McAnnally v. Wyn South Molded Prods.*, 912 F. Supp. 512 (N.D. Ala. 1996), in which the district court explained:

> When the FMLA speaks of "other compensation" as a possible measurement of damages, it does so as the fourth item in a series,

13

and the three other items include (1) wages, (2) salary, and (3) employment benefits.  The terms wages, salary, and employment benefits imply some type of *quid pro quo* exchange between an employer and its employee.  Appearing as it does with the terms wages, salary, and employment benefits, the term "other compensation" also implies some type of *quid pro quo* exchange between an employer and its employee.  The term does not imply a reimbursement formula for "mental distress" stemming from loss of job security.  Because the statutory provision does not demonstrate that Congress used the term "other compensation" in a fashion to encompass damages for mental distress, it is hereby ORDERED that the plaintiff's claim for mental distress damages. . . is STRICKEN.

*Id.* at 513.  *See also Hite v. Biomet Inc.*, 53 F. Supp. 2d 1013, 1019 (N.D. Ind. 1999) (employee is foreclosed from requesting emotional distress damages on FMLA claim where statute's silence as to prevailing employee's recovery of emotional distress damages indicates unavailability of such damages).

Likewise, when the FPWA speaks of "other compensatory damages" as a possible category of damages, it does so as the fourth item in a series, and the three other items include (1) injunction, (2) reinstatement and (3) back wages and benefits.  Like the relief available under the FMLA, these forms of restorative relief imply some type of *quid pro quo* exchange between an employer and its employee.  Appearing as it does with the terms injunction, reinstatement and back wages and benefits, the term "other compensatory damages" also implies some type of *quid pro quo* exchange between an employer and its employee.  The term does not imply a reimbursement formula for "mental distress" stemming from loss of job security.  Because the statutory provision does not demonstrate that the Legislature used the term "other compensatory damages" in a fashion to encompass damages for mental distress, Plaintiff's claim for mental distress damages should be stricken.

### III.

### <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Middle District Local Rule 3.01(g), undersigned counsel for Defendant has conferred with opposing counsel regarding the issues addressed in this motion, but the parties have been unable to agree upon their resolution.

### IV.

### <u>CONCLUSION</u>

For the foregoing reasons, Delhaize America, Inc., d/b/a Sweetbay Supermarket, respectfully requests that this Court strike Plaintiff's claim for emotional distress damages.

Respectfully submitted,

/s/ Jay P. Lechner
Peter W. Zinober
Florida Bar No. 121750
zinoberp@gtlaw.com
Jay P. Lechner
Florida Bar No. 0504351
lechnerj@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 E. Twiggs Street, Suite 100
Tampa, FL  33602
Phone: (813) 318-5700
Fax:  (813) 318-5900
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 24, 2008 I electronically filed the foregoing Defendant's Motion to Strike Plaintiff's Demand for Emotional Distress Damages with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Thomas D. Roebig, Jr., Esquire
Christopher D. Gray, Esquire
Florin, Roebig, P.A.
777 Alderman Road
Palm Harbor, Florida 34683

/s/ Jay P. Lechner_____ _____
Attorney

511181029_8.DOC

16