IN THE MIDDLE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GABE McINTYRE,

    Plaintiff,

v.                                        Case No.: 8:07-cv-2370-JSM-MSS

DELHAIZE AMERICA, INC.,
d/b/a SWEETBAY SUPERMARKET,

    Defendant.

_____/

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR EMOTIONAL DISTRESS DAMAGES

Plaintiff, GABE McINTYRE, by and through his undersigned counsel files his Response and Memorandum of Law in Opposition to Defendants' Motion To Strike Plaintiff's Demand for Emotional Distress Damages and states as follows:

### Procedural Background

Plaintiff filed his complaint on November 27, 2007, and Defendant was served on November 28, 2007.  On December 28, 2007, Defendant removed this matter to Federal Court, and filed its Answer and Affirmative Defenses on January 7, 2008.

### Discussion

A motion to strike is a drastic remedy which "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Larson v. Correct Craft, Inc*., No. 6:05-CV-686-ORL31JGG, 2005 WL 1902438, *1 (M.D.Fla. 2005)  In addition, courts have "broad discretion in disposing of motions to strike." *Id.*

quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992, 1000 (M.D.Fla.1976).

**A.     Defendant's Motion to Strike is without Merit.**

Defendant contends that the Florida Private Whistleblower Act (FWPA) does not provide for emotional distress damages.  In asserting this position, Defendant discusses the traditional canons of statutory construction, the proper statutory interpretation of FWPA, and its relation to the remedies available under the Family Medical Leave Act.

Defendant, however, fails to acknowledge that this Court has already engaged in this analysis and determined that damages for emotional pain and suffering are recoverable under the Florida Private Whistleblower's Act.  *Wood v. Cello Partnership*, No: 8:06-CV-687-T-27TBM, 2007 WL 917300, *5-7 (M.D.Fla. 2007) (Attached as Exhibit "A").

In *Wood*, defense counsel filed a motion to strike plaintiff's claim for compensatory damages related to emotional distress and other non-economic damages, arguing "that because recovery for non-economic damages is not specifically enumerated, the plain language of the statute evidences the legislative intent to exclude such relief under FPWA." *Id*. at *5.  This is the same argument Defendant makes in its Motion to Strike.

> The Court in *Wood* rejected this argument.  *Id.*  The Court determined:
>
> [T]he interpretation of section 448.103 urged by Defendant would render the catch-all provision of subsection (e) meaningless. The ***plain and unambiguous language of the statute authorizes the court to award compensatory damages***. The statute does not expressly limit compensatory damages to economic damages. On the contrary, "[t]he use of the word, "compensatory," in section 448.103(2)(e) clearly indicates that putative damages and other forms of non-compensatory damages are unavailable to correct [FPWA] violations."

*Id*. at *5 quoting *Branche v. Airtran Airways, Inc.,* 314 F.Supp.2d 1194, 1196 (M.D.Fla.2004)(emphasis added).  The Court also went on to conclude:

> Given that the remedies intended by the legislature in section 448.103 are not clear, this court is guided by the directive of the Florida courts to construe the statute broadly. Again, the plain language of the statute allows for an award of "[a]ny other compensatory damages allowable at law," and the court should deny Defendant's request to strike Plaintiff's claim for compensatory damages.

*Id.* at *7.

**B.**     **Defendant's Motion to Strike is Not Timely.**

Federal Rule of Civil Procedure 12(f) states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, *within **20 days** after being served with the pleading*.

(emphasis added).  Approximately 210 days have passed from the date Defendant was served to the date their motion was filed.

Furthermore, Defendant has already filed and Plaintiff has responded to two additional motions concerning Plaintiff's demand for compensatory damages including emotional pain and suffering.  Specifically, on May 21, 2008, Defendant filed a Motion to Compel Compliance with Rule 26(a) which alleged that Plaintiff's damage disclosures related to compensatory damages were inadequate.  [Doc. 9].  This Court issued an Order on June 11, 2008 denying Defendant's motion.  [Doc. 12].  On May 30, 2008, Defendant filed another motion seeking in part to compel medical records and medical history alleging "where emotional distress-type damages are sought, information regarding plaintiff's medical and psychological history is relevant and discoverable."  [Doc. 10:3].  On June 26, 2006, this Court granted this portion of the motion.  [Doc. 15]. Neither motion referenced Plaintiff's ability to recover damages for emotional pain and suffering under the FPWA.

Both Plaintiff and Defense Counsel have incurred fees researching and writing the above motions. If Defendant's Motion to Strike were granted by this Court, it would have rendered portions of these motions moot and should have been filed prior to the filing of the previous motions.

Plaintiff acknowledges that the Court may hear an untimely motion to strike if the motion is meritorious. *CC-Aventura, Inc. v. Weitz Co.*, LLC, No. 06-21598-CIV, 2007 WL 2264617, *1 (S.D.Fla. 2007). However, as discussed *supra*, Defendant's motion is without merit.

## Conclusion

Because this Court has determined that compensatory damages including damages for emotional pain and suffering are recoverable under the FPWA and Defendant's motion is not timely, Defendant's Motion to Strike should be denied.

**Dated:** _____

**FLORIN ROEBIG, P.A.**

**/S/CHRISTOPHER D. GRAY**_____
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
CDG@FlorinRoebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
WMF@FlorinRoebig.com
**THOMAS D. ROEBIG, JR., ESQUIRE**
Florida Bar No.: 0651702
TDR@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of July, 2008, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system. I further certify that I furnished the foregoing documents and the Notice of Electronic Filing by [_X_] CM/ECF Filing, [___] regular U.S. Mail, [___] Facsimile, [___] Overnight Delivery, [___] Hand Delivery to Peter W. Zinober, Esquire, and Jay P. Lechner, Esquire, GREENBERG TRAURIG, P.A., 625 E. Twiggs Street, Suite 100, Tampa, FL 33602.

**FLORIN ROEBIG, P.A.**

**/S/CHRISTOPHER D. GRAY**
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
CDG@FlorinRoebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
WMF@FlorinRoebig.com
**THOMAS D. ROEBIG, JR., ESQUIRE**
Florida Bar No.: 0651702
TDR@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff

IN THE MIDDLE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GABE McINTYRE,**

       Plaintiff,

v.                                                                  Case No.: 8:07-cv-2370-JSM-MSS

**DELHAIZE AMERICA, INC.,**
**d/b/a SWEETBAY SUPERMARKET,**

       **Defendant.**

_____/

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR EMOTIONAL DISTRESS DAMAGES**

**EXHIBIT "A"**