# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GABE MCINTYRE,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　Case No. 8:07-cv-2370-T-30TBM

**DELHAIZE AMERICA, INC.,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Strike Plaintiff's Demand for Emotional Distress Damages (Dkt. 14) and Plaintiff's Response (Dkt. 16) in opposition to the same. The Court, having reviewed the Motion, Response, and supporting memoranda, and being otherwise fully advised in the premises, determines the Motion should be denied.

Defendant has moved to strike Plaintiff's claim for emotional distress damages under the Florida Private Whistleblower's Act ("FPWA"), Fla. Stat. § 448.101, *et seq*. The FPWA provides, in pertinent part, as follows:

**§ 448.103 Employee's remedy; relief** . . .

(2) In any action brought pursuant to subsection (1), the court may order relief as follows:

    (a) An injunction restraining continued violation of this act.

> (b) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.
>
> (c) Reinstatement of full fringe benefits and seniority rights.
>
> (d) Compensation for lost wages, benefits, and other remuneration.
>
> (e) Any other compensatory damages allowable at law.

At issue is whether subsection (e) encompasses claims for emotional distress damages.

While this issue has not been directly addressed by either the Florida Supreme Court or the Eleventh Circuit, it was analyzed and discussed in Wood v. Cellco Partnership, 2007 WL 917300 at *5-7 (M.D.Fla. Mar. 23, 2007). Like Defendant's counsel in this action, defense counsel in Wood argued that "the because recovery for non-economic damages is not specifically enumerated [in § 448.103(2)], the plain language of the statute evidences the legislative intent to exclude such relief under the FPWA." Id. at *5. The Wood court rejected this argument, reasoning that:

> . . . the interpretation of section 448.103 urged by Defendant would render the catchall provision of subsection (e) meaningless. The plain and unambiguous language of the statute authorizes the court to award compensatory damages. The statute does not expressly limit compensatory damages to economic damages. On the contrary, '[t]he use of the word, 'compensatory,' in section 448.103(2)(e) clearly indicates that punitive damages and other forms of non-compensatory damages are unavailable to correct [FWPA] violations." *Branch v. Airtran Airways, Inc.*, 314 F. Supp. 2d 1194, 1196 (M.D.Fla. 2004)

Id. Furthermore, the court considered that because "the remedies intended by the legislature in section 448.103 are not clear, this court is guided by the directive of the Florida courts to construe the statute broadly." Id. at 7. The Wood court also considered the Florida Supreme

Court's decision in <u>Scott v. Otis Elevator</u>, 572 So. 2d 902 (Fla. 1990), in which the court held that an employer who violates Florida's workers compensation anti-retaliation provision, Fla. Stat. § 440.205, "has committed an intentional tort, thereby exposing itself to liability for damages for emotional distress." <u>Id.</u>

Upon review and consideration, this Court agrees with the court's analysis in <u>Wood</u>. It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Strike Plaintiff's Demand for Emotional Distress Damages (Dkt. 14) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 22, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-2370.mt strike.frm